IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jerry Franks,                                   Case No. 5:18 CV 35

                Petitioner,       ORDER ADOPTING
       -vs-                             REPORT AND RECOMMENDATION

Warden Charles Bradley,                         JUDGE JACK ZOUHARY

                Respondent.

### INTRODUCTION

Petitioner *pro se* Jerry Franks seeks a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). He was convicted of aggravated murder and other charges in 1997 (Doc. 7-1 at 6) and is serving a sentence of twenty-three years to life in an Ohio state prison (*id.* at 173; Doc. 1 at 1). Following several unsuccessful appeals in Ohio state court (Doc. 7-1 at 170, 172, 245, 302, 377, 419), he filed his Petition (Doc. 1) in this Court in January 2018. The Petition was automatically referred to Magistrate Judge James Knepp under Local Civil Rule 72.2(b)(2). Judge Knepp issued a Report and Recommendation (R&R), concluding that this Court should deny the Petition as untimely (Doc. 11 at 18). Franks objects (Doc. 19).

### ANALYSIS

This Court conducts *de novo* review of objections to an R&R. 28 U.S.C. § 636(b)(1). In general, however, portions of an R&R to which no objection is made are neither scrutinized by this Court nor subject to appeal. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). *Pro se* objections are entitled to liberal construction. *Sellers v. Morris*, 840 F.2d 352, 355 (6th Cir. 1988). Even so,

this Court is not permitted to conjure up arguments that *pro se* petitioners fail to coherently articulate. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) ("[T]he less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations.") (citation omitted). Accordingly, the following analysis addresses only those objections that can be fairly inferred through "active interpretation" of Franks' brief (Doc. 19). *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).

A state prisoner seeking a writ of habeas corpus generally must petition for relief within one year after the prisoner's conviction becomes "final." 28 U.S.C. § 2244(d)(1)(A). This rule has several exceptions. *See, e.g.*, 28 U.S.C. § 2244(d)(1)(B)–(D). Franks concedes that his conviction became final many years before he filed the Petition. He contends, however, that the Petition is timely under one or more exceptions to the general rule.

All but one of Franks' arguments rely on *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) (Doc. 19 at 3–6, 14, 17–18, 20–21, 25, 28, 30). In *Montgomery*, the Supreme Court held that "when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule." 136 S. Ct. at 729. But Franks does not identify a new substantive rule of constitutional law. Rather, he insists *Montgomery* allows him to conduct discovery procedures that he believes would produce exonerating evidence (Doc. 19 at 21). Discovery rights are procedural, not substantive. *See Montgomery*, 136 S. Ct. at 729 (defining substantive rules of constitutional law as those that "place certain criminal laws and punishments altogether beyond the State's power to impose."). Consequently, Franks' *Montgomery*-based objections fail.

2

Franks' only non-*Montgomery* objection is also meritless. He claims the State of Ohio is withholding evidence related to his conviction in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) (Doc. 19 at 4, 7–8, 23). Franks contends his lack of access to this evidence is an impediment to filing a habeas petition, so his habeas filing deadline has not yet passed (Doc. 19 at 4, 7). As the R&R points out, however, lack of access to the sort of evidence Franks seeks is not an "impediment" under the rules governing the timeliness of habeas petitions (Doc. 11 at 13). 28 U.S.C. § 2244(d)(1)(B). Indeed, Franks' argument is illogical on its face, given that he has in fact filed a habeas petition -- this one -- despite the ostensible impediment. Franks is not entitled to the later filing deadline he seeks.

## CONCLUSION

This Court overrules Franks' objections (Doc. 19) and adopts the R&R (Doc. 11) in its entirety. The Petition (Doc. 1) is denied as untimely. Because Franks has not made a substantial showing of the denial of a constitutional right, this Court also declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

IT IS SO ORDERED.

        s/ *Jack Zouhary*
    JACK ZOUHARY
    U. S. DISTRICT JUDGE

April 17, 2019